**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ameristar Fence Products, Inc.; and Edward L. Gibbs, ) ) ) Plaintiffs/Counterdefendants, ) ) vs. ) ) Phoenix Fence Company; and Quikjet LLC, ) ) ) Defendants/Counterclaimant/ ) Crossclaimant/Crossdefendant.) | No. CV-10-299-PHX-DGC **ORDER** |

Plaintiffs have filed a motion to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Doc. 32. Defendants do not oppose the motion. Pursuant to Rule 15(a)(2) and in the interest of justice, the Court will grant the motion. Plaintiffs shall have until July 23, 2010 to file the proposed amended complaint. *See* Doc. 32-1.

Because the amended complaint will add the City of Phoenix as a Defendant (*see id.* ¶ 5), the case management conference scheduled for July 9, 2010 (Doc. 27) was vacated. The conference will be reset after all Defendants have answered or otherwise responded to the amended complaint.

Plaintiffs also have filed, pursuant to Rule 12(f), a motion to strike certain affirmative defenses to the complaint asserted by Defendant Quikjet LLC. Doc. 30. The motion will be denied as moot given that an amended complaint will be filed. For purposes of affirmative defenses to the amended complaint, and potential motions to strike one or more of those defenses, the Court will give the parties some guidance.

1  "Motions to strike are generally regarded with disfavor, but are proper when a defense
2  is insufficient as a matter of law." *Torres v. Goddard*, No. CV-06-2482-PHX-SMM, 2008
3  WL 1817994, at *1 (D. Ariz. Apr. 22, 2008). "A defense is insufficient if it fails to give the
4  plaintiff fair notice of the nature of the defense." *McArdle v. AT&T Mobility LLC*, 657 F.
5  Supp. 2d 1140, 1149 (N.D. Cal. 2009).

6  Quikjet's affirmative defenses of patent invalidity, unclean hands, estoppel, laches,
7  and waiver (Doc. 25 ¶¶ 13, 15, 16) are insufficient, Plaintiffs argue, because they are without
8  factual basis or a showing of plausibility as required by *Bell Atlantic Corp. v. Twombly*, 550
9  U.S. 544 (2007). Doc. 30 at 1-2. Recognizing that *Twombly* addressed only the sufficiency
10 of a complaint under Rule 8(a), Plaintiffs assert that there is every reason to believe that the
11 *Twombly* pleading standard applies equally to affirmative defenses. *Id.* at 2. The Court does
12 not agree, and will leave any extension of *Twombly* to the Supreme Court or this Circuit.

13 The pleading of affirmative defenses is governed by Rule 8(c). That rule requires only
14 that a party "affirmatively *state* any avoidance or affirmative defense." Fed. R. Civ. P.
15 8(c)(1) (emphasis added). It does not contain the language from Rule 8(a) requiring a "short
16 and plain statement of the claim *showing* the pleader is entitled to relief[.]" Fed. R. Civ. P.
17 8(a)(2) (emphasis added). Nor does it include the "short and plain terms" language found
18 in Rule 8(b). Fed. R. Civ. P. 8(b)(1)(A); *see McLemore v. Regions Bank*, Nos. 3:08-cv-0021,
19 3:08-cv-1003, 2010 WL 1010092, at *12 (M.D. Tenn. Mar. 18, 2010) ("Unlike subsections
20 (a) and (b), subsection (c) does not include any language requiring the party to state anything
21 in 'short and plain' terms."). The Court is of the view that the pleading standards enunciated
22 in *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), have no application to affirmative
23 defenses pled under Rule 8(c). *See McLemore*, 2010 WL 1010092, at *13; *First Nat'l Ins.
24 Co. of Am. v. Camps Servs., Ltd.*, No. 08-cv-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan.
25 5, 2009) (*Twombly*'s "analysis of the 'short and plain statement' requirement of Rule 8(a)
26 is inapplicable to this motion under Rule 8(c)"); *Romantine v. CH2M Hill Eng'rs, Inc.*, No.
27 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009) ("This court does not believe that
28 *Twombly* is appropriately applied to either affirmative defenses under [Rule] 8(c), or general

defenses under Rule 8(b), and declines to so extend the Supreme Court ruling[.]"); *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-cv-02870-LTB-BNB, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010) (declining to apply *Twombly* and *Iqbal* to affirmative defenses in part because a defendant is given only 20 days to respond to a complaint and assert its affirmative defenses).

**IT IS ORDERED:**

1. Plaintiffs' motion to amend complaint (Doc. 32) is **granted**.
2. Plaintiffs shall file the proposed amended complaint by **July 23, 2010**.
3. Plaintiffs' motion to strike affirmative defense (Doc. 30) is **denied**.
4. The case management conference set for July 9, 2010 at 4:00 p.m. is **vacated**.
5. The Court will reset the conference by separate order.

DATED this 14th day of July, 2010.

_____
David G. Campbell
United States District Judge